**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ALLEN J. BURTON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:05-CV-1081-L** |
| | § | |
| **MADIX STORE FIXTURES,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Allen J. Burton ("Plaintiff") filed a *pro se* employment discrimination complaint against Defendant Madix Store Fixtures on May 26, 2005, and on the same date filed a Motion to Proceed *In Forma Pauperis* stating that he is unable to pay the $250 filing fee.[*] Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge on May 31, 2005 for proposed findings and recommendation. On June 8, 2005, the United States magistrate judge issued an order deeming Plaintiff's motion insufficient to determine whether Plaintiff is entitled to proceed *in forma pauperis*. The magistrate judge ordered Plaintiff to complete and file an enclosed affidavit. Plaintiff subsequently complied with this order by submitting an Affidavit in Support of Request to Proceed *In Forma Pauperis* on July 1, 2005 ("Affidavit in Support"). On July 20, 2005, the Findings, Conclusions and

---

[*]Pursuant to 28 U.S.C. § 1915(a)(1):

> . . . [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

Recommendation of the United States Magistrate Judge were filed, to which Plaintiff filed objections on July 28, 2005.

## I. The Magistrate Judge's Findings and Recommendation

After carefully considering Plaintiff's Affidavit in Support, the magistrate judge found that:

> Plaintiff has failed to show that he is a person entitled to proceed without the payment of the $250 filing fee . . . [Plaintiff] and his wife are presently employed, although it is unclear whether Plaintiff is currently working or whether he is receiving disability payments only. . . . The amount of their combined monthly income is also unclear: from a low gross monthly pay of $926.40, to a high average monthly amount during the past twelve months of $3,300. In May 2005 Plaintiff received a [sic] $2600 from his 401(k), and in May and June 2005, he received a monthly check of $731 for disability insurance . . . In July 2005, Plaintiff and his wife expected to earn from employment approximately $2500 . . . While Plaintiff and his wife are behind in their bills allegedly due to "mounting medical expense[s]," their average monthly expenses total approximately $2,781. Moreover, Plaintiff and his wife own real estate at a self-appraised value of $58,000, and two vehicles with a combined self-appraised value of $8000.

Findings at 2-3 (internal citations omitted). Based on these findings, the magistrate judge concluded that Plaintiff could pay the $250 filing fee without suffering undue financial hardship, and therefore recommended the denial of Plaintiff's motion to proceed *in forma pauperis*.

## II. Plaintiff's Objections

Plaintiff objects to the magistrate judge's findings asserting that he has not worked since April 11, 2005, and that he is currently only receiving disability checks. Objection at 1. Plaintiff also reiterates that his current expenses are mandatory as the result of a "current medical crisis." *See id.* Plaintiff asks that for these reasons, the magistrate judge's findings should be set aside and he be allowed to proceed *in forma pauperis*. For the reasons set forth directly below, the court

**overrules** Plaintiff's objections and accepts the magistrate judge's findings, conclusions and recommendation.

## III. Analysis

Plaintiff's assertions that he is currently receiving only disability checks (and not a paycheck), and that his medical expenses are mandatory do not alter the fact that Plaintiff and his wife own real estate at a self-appraised value of $58,000, and two vehicles with a combined self-appraised value of $8000. *See* Findings at 3. In addition, as the magistrate judge pointed out, as per certain of Plaintiff's own calculations, Plaintiff and his wife had a high average gross monthly pay during the past twelve months of $3,300, whereas their average monthly expenses total approximately $2,781. As correctly stated by the magistrate judge: "The mere execution of an affidavit of indigence does not automatically entitle a litigant to proceed *in forma pauperis*. Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff 'suffering undue hardship.'" *Id.* at 2 (quoting *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988)). Having considered Plaintiff's Objections, and having conducted a *de novo* review of the Affidavit in Support and considered Plaintiff's assets, the court determines that paying the $250 filing fee would not result in Plaintiff suffering undue hardship.

## IV. Conclusion

Having reviewed the pleadings, file and record in this case, the findings and conclusions of the magistrate judge, and having considered Plaintiff's objections thereto, the court determines that the findings, conclusions and recommendation are correct in recommending denial of Plaintiff's motion to proceed *in forma pauperis*. Accordingly, the court **accepts** the Findings, Conclusions and Recommendation of the United States Magistrate Judge. It is hereby ordered that Plaintiff's Motion

to Proceed *In Forma Pauperis* is **denied**. The court **directs** Plaintiff to tender the $250 filing fee by **October 3, 2005**. If the filing fee is not tendered by such date, the court will dismiss this action pursuant to Fed. R. Civ. P. 41(b).

**It is so ordered** this 1st day of September, 2005.

Sam A. Lindsay
United States District Judge