IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLEN J. BURTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1081-L |
| | § | |
| MADIX STORE FIXTURES, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Allen J. Burton ("Burton" or "Plaintiff") filed a *pro se* employment discrimination complaint against Defendant Madix Store Fixtures ("Madix") on May 26, 2005. Burton brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.*, ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 623(a) ("ADEA"), and the Fourteenth Amendment to the United States Constitution. Burton, an African-American male over the age of 40, contends that Madix discriminated against him by not promoting him to a supervisor's position. Burton contends that the position was given to "an individual from another department and of a different racial background." Complaint at 1. Burton also complains regarding two demotions he received from his supervisor. *Id.*

On November 7, 2005, Madix filed Defendant's Motion to Dismiss Under Rule 12(b)(6). Madix contends that Burton's complaint should be dismissed because: (1) Burton failed to exhaust his administrative remedies regarding his race and age discrimination claims;[1] (2) Burton failed to

---

[1] Madix contends that Burton has not stated a claim for relief regarding his race and age discrimination claims, because he failed to exhaust his administrative remedies. The court, however, views this contention as a failure to satisfy a precondition to filing suit, not a failure to state a claim. The court acknowledges that there is inconsistent authority regarding the effect of failure to exhaust administrative remedies. *See Taylor*

**Memorandum Opinion and Order - Page 1**

state sufficient facts to support his age discrimination claim; and (3) Burton failed to set forth facts in support his equal protection claim under the Fourteenth Amendment, as he failed to allege that Madix acted under color of state law, or is a "person" as that definition applies to the Fourteenth Amendment.

Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge on November 14, 2005, for proposed findings and recommendation. On December 29, 2005, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") were filed. Plaintiff filed his Objection to the [R]ecommendation of the United States Magistrate Judge ("Objections") on January 11, 2006.

The magistrate judge made the following findings: (1) Burton failed to exhaust administrative remedies regarding his race discrimination claims under Title VII, as there is no allegations in the EEOC charge of race discrimination; (2) Burton failed to exhaust administrative remedies regarding his failure to promote claim, as there is no allegations in the EEOC charge regarding his failure to promote claim; (3) Burton exhausted his administrative remedies as to his demotion claims under the ADEA; (4) Burton sufficiently alleged a claim of age discrimination under the ADEA; and (5) Burton failed to allege facts to support his equal protection claim under the Fourteenth Amendment, as he "does not allege any facts to show a 'close nexus' between Defendant's alleged conduct and the State of Texas." Report at 6-9. The magistrate judge recommended that Madix's motion to dismiss be granted in part and denied in part. Specifically, the magistrate judge recommended that:

---

*v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cri. 2002); *National Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.,* 40 F.3d 698 (5th Cir. 1994). The court thus understands why Madix would present this contention as a failure to state a claim under Rule12(b)(6). The court's analysis of this issue, however, is the same in this case, regardless of how the contention is presented.

**Memorandum Opinion and Order - Page 2**

Case 3:05-cv-01081-L   Document 25   Filed 02/01/06   Page 3 of 4   PageID 142

> Defendant's Motion to Dismiss be denied as to Plaintiff's claims that he was demoted in violation of the ADEA. It is further recommended that Defendant's Motion to Dismiss be granted regarding: (1) Plaintiff's race discrimination claims under Title VII, (2) Plaintiff's failure to promote claim under the ADEA, and (3) Plaintiff's § 1983 claims.[2]

Report at 10.

Burton objects to the magistrate judge's findings asserting that: (1) He called the EEOC on at least two occasions informing them that he was discriminated against based on race; and (2) his documents support that he was making a race discrimination claim. Objections at 1. Burton suggests the possibility that the documents were "doctored," and contends that "racial discrimination was the core of his complaint and he would not have omitted placing an xX [sic] in the box labeled race." *Id.* at 2.

Having reviewed the pleadings, file and record in this case, the findings and conclusions of the magistrate judge, and having considered Plaintiff's objections thereto, the court determines that the findings and conclusions are correct. They are therefore accepted as those of the court. Plaintiff's objections are **overruled**. Accordingly, Defendant's Motion to Dismiss Under Rule 12(b)(6) is **granted** as to Plaintiff's race discrimination claims under Title VII, Plaintiff's failure to promote claim under the ADEA, and Plaintiff's equal protection claim under the Fourteenth Amendment to United States Constitution. These claims are **dismissed without prejudice** pursuant to Fed. R. Civ. P. 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted.

---

[2] The magistrate judge points out that Burton cannot bring a cause of action directly under the United States Constitution. The proper statutory vehicle for his equal protection claim under the Fourteenth Amendment, therefore, is 42 U.S.C. § 1983. *See Hearth, Inc. v. Dep't of Pub. Welfare*, 617 F.2d 381, 382-83.

**Memorandum Opinion and Order - Page 3**

Defendant's Motion to Dismiss Under Rule 12(b)(6) is **denied** as to Plaintiff's demotion claims under the ADEA.

**It is so ordered** this 1st day of February, 2006.

_____
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 4**