IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALLEN J. BURTON, | § |
| Plaintiff, | § § § |
| v. | §   Civil Action No. 3:05-CV-1081-L |
| MADIX STORE FIXTURES, | § § § |
| Defendant. | § |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Enter Default Judgment, filed June 23, 2006, and Defendant Madix, Inc.'s Motion for Summary Judgment, filed June 23, 2006. Having considered the motions, responses, reply, record, evidence and applicable law, the court **denies** Plaintiff's Motion to Enter Default Judgment, and **grants** Defendant Madix, Inc.'s Motion for Summary Judgment.

### I.  Factual and Procedural Background

Plaintiff Allen J. Burton ("Burton" or "Plaintiff") filed a *pro se* employment discrimination complaint against Defendant Madix Store Fixtures ("Madix") on May 26, 2005, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.,* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 623(a) ("ADEA"), and the Fourteenth Amendment to the United States Constitution. Burton, an African-American male over the age of 40, alleges that Madix discriminated against him by not promoting him and by demoting him on two occasions. On November 7, 2005, Madix filed Defendant's Motion to Dismiss Under Rule 12(b)(6). By order dated February 1, 2006, the court denied Defendant's Motion to Dismiss Under Rule 12(b)(6) as to

Plaintiff's demotion claims under the ADEA, and granted Defendant's Motion to Dismiss Under Rule 12(b)(6) as to all other claims.

Madix filed its motion for summary judgment on June 23, 2006. Madix contends that no genuine issue of material fact exists with respect to Burton's ADEA demotion claims, and that it is therefore entitled to judgment as a matter of law. Specifically, Madix asserts that Burton cannot establish a *prima facie* case of age discrimination because he cannot show that he suffered an adverse employment action, in this case, a demotion. Madix also contends that it has articulated a legitimate, nondiscriminatory reason for the reassignment, namely, poor job performance, and that Burton has failed to produce any summary judgment evidence showing that Madix's asserted reason for reassigning him is a pretext for age discrimination. On July 14, 2006, Burton filed a brief in opposition to Defendant's Motion for Summary Judgment. Burton failed to submit any evidence in support of his brief. The court now sets forth the facts upon which it relies to resolve the motion. In setting forth the facts, the court applies the summary judgment standard as set forth in the following section.

Burton is an African-American male over the age of forty (40). At all times relevant to this lawsuit, Burton was an employee at Madix, a company located in Terrell, Texas. Burton began working at Madix on or about May 2, 1994 in the paint department. As of June 23, 2003, he held the title of "Lead Person" and earned an annual salary of $25,563.20. On August 5, 2003, Burton received a written Employee Disciplinary Report for failing to follow procedures for expediting parts. On February 23, 2004, Burton received a second written warning for substandard work regarding two mistakes involving finalizing shipments that did not contain the correct parts. Burton acknowledged receipt of both incident reports. Burton subsequently had two more instances of

mistakes on orders, the first on or about February 27, 2004, and the second on or about March 2, 2004. Some time after March 2, 2004, Madix reassigned Burton to a different position with the same salary, $25,563.20, and the same job title "Lead Person." *Id.* The new position did not require him to finalize orders assembled by other employees.

## II.     Analysis

### A.     Plaintiff's Motion to Enter Default Judgment

Plaintiff contends that he is entitled to entry of default judgment because Madix failed to mediate this case. As there has been no request for default and no entry of default by the clerk, both prerequisites to entry of default judgment, Plaintiff's Motion to Enter Default Judgment should be denied. *See generally New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); Fed. R. Civ. P. 55(a) and (b). Alternatively, Plaintiff's motion should be denied as Madix has clearly indicated an intent to defend this action, including by filing a motion to dismiss and a motion for summary judgment. Such filings are sufficient to defeat a motion for default. *See Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989).

### B.     Defendant's Motion for Summary Judgment

#### 1.     Applicable Legal Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the

nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a

**Memorandum Opinion and Order - Page 4**

summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### 2. Plaintiff's Age Discrimination Claim

Burton contends that he was unlawfully demoted because of his age in violation of the ADEA, which prohibits an employer from discriminating against any individual in hiring or discharge, or with respect to his compensation, terms, conditions, or privileges of employment, on the basis of age. 29 U.S.C. § 623(a)(1). A plaintiff can prove a claim of intentional discrimination by direct evidence, circumstantial evidence, or both. *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003); *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000).

Madix contends that Burton has not provided direct or circumstantial evidence of age discrimination. "Direct evidence" is "evidence which, if believed, proves the fact [in question] without inference or presumption." *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 415 (5th Cir. 2003) (citations omitted). If an inference is required for the evidence to be probative as to an employer's discriminatory animus in terminating the former employee, the evidence is circumstantial, not direct. *Sanstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897-98 (5th Cir. 2002), *cert. denied*, 539 U.S. 926 (2003). Direct evidence includes any statement or document which shows on its face that an improper criterion served as *a* basis, though not necessarily *the* basis, for the adverse employment action. *Fabela*, 329 F.3d at 415. Having examined the record, the court agrees with Defendant that Plaintiff has failed to submit any direct evidence of age discrimination.

Since Burton has presented no direct evidence of age discrimination, he must rely on circumstantial evidence. The court must first determine the applicable standard of proof it will use

**Memorandum Opinion and Order - Page 5**

to evaluate his claims; namely, whether the claims will be analyzed pursuant to the "pretext" method articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), or the "mixed-motive" circumstantial evidence analysis, called the "modified *McDonnell Douglas*" approach, set forth in *Desert Palace* and subsequent cases. *See Desert Palace*, 539 U.S. at 101-02; *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 340 (5th Cir. 2005); *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).[1] Because neither party requests the court to apply a mixed-motive analysis, the court will analyze Burton's claims pursuant to the *McDonnell Douglas* burden-shifting framework.

The *McDonnell Douglas* framework requires a plaintiff to first establish a *prima facie* case of discrimination by a preponderance of the evidence. *McDonnell Douglas*, 411 U.S. at 802; *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). If plaintiff establishes a *prima facie* case, there is a presumption of discrimination, and the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the challenged employment action. *Reeves*, 530 U.S. at 142; *McDonnell Douglas*, 411 U.S. at 802. If such a showing is made, the presumption disappears, and the burden shifts back to the plaintiff, who survives summary judgment if he is able to demonstrate that the articulated reason was merely a pretext for intentional discrimination. *McDonnell Douglas*, 411 U.S. at 802; *Septimus v. University of Houston*, 399 F.3d 601, 609 (5th Cir. 2005).

---

[1] The court notes that *Desert Palace* and the "modified *McDonnell Douglas*" approach do not alter the court's analysis in a pure pretext case, such as this one. *Keelan*, 407 F.3d at 340 (citing *Raytheon Co. v. Hernandez*, 540 U.S. 44, 49 & n.3 (2003)). For a plaintiff to survive summary judgment under the "modified *McDonnell Douglas*" approach, once the burden returns to him, he must offer sufficient evidence to create a genuine issue of material fact that either (1) the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive alternative). *See Machinchick v. PB Power, Inc.*, 398 F.3d 345, 352 (5th Cir. 2005); *Rachid*, 376 F.3d at 312 (internal citations and quotations omitted).

**Memorandum Opinion and Order - Page 6**

### a. Plaintiff's *Prima Facie* Case

Madix argues that it is entitled to summary judgment on Burton's ADEA claim because he has failed to establish a *prima facie* case of age discrimination.[2] Madix contends that Burton cannot establish a *prima facie* case of age discrimination because he has produced no evidence showing he suffered an adverse employment action. As set forth directly below, because the court determines that Plaintiff has failed to raise a genuine issue of material fact that Madix's articulated legitimate, nondiscriminatory reason was a pretext for intentional age discrimination, the court assumes, without finding, that Plaintiff has met his burden of making out a *prima facie* case of age discrimination.

### b. Madix's Legitimate, Nondiscriminatory Reason

Once a plaintiff's *prima facie* case has been established, there is a presumption of discrimination, and the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the challenged employment actions. *McDonnell Douglas,* 411 U.S. at 802-04. With regard to Plaintiff's allegations that he was demoted because of his age, the court determines that Madix has proffered the legitimate, nondiscriminatory reason that it demoted Burton due to poor job performance. Poor job performance is a legitimate, nondiscriminatory reason to terminate an employee. *Little v. Republic Ref. Co., Ltd.*, 924 F.2d 93, 96 (5th Cir. 1991). Madix has thus met its burden of articulating a legitimate, nondiscriminatory reason for the demotion, and now the burden shifts back to Burton to demonstrate that Madix's articulated reason is a pretext for intentional discrimination.

---

[2]To establish a *prima facie* case of age discrimination based on a demotion, a plaintiff must show (1) that he was over the age of forty when the discrimination occurred; (2) that he was qualified for the position in question; (3) that he was demoted despite his qualifications; and (4) that he was replaced by someone outside his protected class, someone younger, or was otherwise discharged because of age. *Evans v. City of Houston*, 246 F.2d 244, 250 (5th Cir. 2001).

**Memorandum Opinion and Order - Page 7**

### c.     Pretext Analysis

Turning now to Plaintiff's burden of showing pretext, in order to defeat Defendant's Motion for Summary Judgment, Plaintiff must produce sufficient evidence to permit a jury to disbelieve that Defendant's proffered reason was its true motivation. *Laxton v. Gap Inc.*, 333 F.3d 572, 579 (5th Cir. 2003). "The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination." *Id.* at 579-80 (quoting *Reeves*, 530 U.S. at 147) (internal citation omitted); *Sandstad*, 309 F.3d at 897 ( A "plaintiff can survive summary judgment by producing evidence that creates a jury issue as to the employer's discriminatory animus or the falsity of the employer's legitimate nondiscriminatory explanation.").

In this case, however, Plaintiff has failed to submit any evidence to create a genuine issue of material fact that Madix's articulated legitimate, nondiscriminatory reason is unworthy of credence or a pretext for intentional discrimination based on age. Other than his subjective belief that he was demoted due to his age, and not his job performance, he has submitted nothing to support this belief. "[A] subjective belief of discrimination, however genuine, [may not] be the basis of judicial relief*.*" *Lawrence v. University of Texas Med. Branch at Galveston*, 163 F.3d 309, 313 and n.21 (5th Cir.1999) (quoting *Elliott v. Group Medical & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir. 1983) (subsequent history omitted)); *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998) ("unsubstantiated or conclusory assertion that a fact issue exists will not suffice" to defeat a properly supported motion for summary judgment); *Roberson v. Alltel Information Services*, 373 F.3d 647, 654 (5th Cir. 2004) ("This Court has cautioned that conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden in a

**Memorandum Opinion and Order - Page 8**

motion for summary judgment.") (citation).  *Cf. Breaux v. City of Garland*, 205 F.3d 150, 160 (5th Cir.), *cert. denied*, 531 U.S. 816 ( 2000) ("[A] plaintiff's subjective perception that a demotion has occurred is not enough to constitute an adverse employment action").  Because Plaintiff has failed to point to evidence which creates a genuine issue of material fact that Defendant intentionally discriminated against him on account of his age, the court determines that Defendant is entitled to judgment as a matter of law on Plaintiff's ADEA claims.

### III.   Conclusion

For the reasons set forth herein, the court **denies** Plaintiff's Motion to Enter Default Judgment and **grants** Madix, Inc.'s Motion for Summary Judgment.  Final judgment will issue by separate document.

**It is so ordered** this 9th day of November, 2006.

Sam A. Lindsay
United States District Judge